ADAM J. STEWART (State Bar No. 167403)
LAWRENCE T. NIERMEYER (State Bar No. 157440)
LAW OFFICES OF MOORAD, CLARK & STEWART
1420 F STREET, SECOND FLOOR
MODESTO, CA  95354
Telephone:       (209) 526-0522
Facsimile:        (209) 526-4703
E-Mail: adam@mooradclarkstewart.com
            lniermeyer@mooradclarkstewart.com

Attorney for Plaintiffs: ESTSTE OF CARMEN MENDEZ and STEPHANIE BEIDLEMAN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| ESTATE OF CARMEN MENDEZ and STEPHANIE BEIDLEMAN,<br><br>         Plaintiff,<br><br>vs.<br><br>CITY OF CERES, CERES POLICE DEPARTMENT, ROSS BAYS, BRENT SMITH, and DOE 1 to 50,<br><br>         Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

This action involves the death of 15-year-old CARMEN MENDEZ caused by law enforcement officers employed by the CITY OF CERES, CERES POLICE DEPARTMENT, and Chief of Police BRENT SMITH.

## JURISDICTION & VENUE

1.   This Court has jurisdiction over the federal claims asserted herein pursuant to 28 U.S.C. § 1331 (in that they arise under the United States Constitution); 28 U.S.C. § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities

1

protected by the U.S. Constitution). This Court has supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367.

2.     Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3.     Intra-district venue is proper in the Fresno Division of the Eastern District of California pursuant to E.D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Stanislaus, California.

## EXHAUSTION-GOVERNEMENT CLAIM REJECTED

4.     Plaintiff STEPHANIE BEIDLEMAN submitted a government claim to the CITY OF CERES and CERES POLICE DEPARTMENT regarding the claims asserted herein personally served on February 11, 2019. Those claims were rejected on February 25, 2019.

## PARTIES

5.     Plaintiff ESTATE OF CARMEN MENDEZ, the decedent ("CARMEN MENDEZ"), brings this action pursuant to Cal. Code Civ. Proc. § 377.30. Plaintiff STEPHANIE BEIDLEMAN brings this action on behalf of Plaintiff ESTATE OF CARMEN MENDEZ, as a successor-in-interest. Plaintiff STEPHANIE BEIDLEMAN declaration regarding her status as one of CARMEN MENDEZ's successors-in-interest, pursuant to Cal. Code Civ. Proc. § 377.32, is attached hereto.

6.     Plaintiff STEPHANIE BEIDLEMAN is a resident of the State of California, County of Stanislaus. Plaintiff STEPHANIE BEIDLEMAN brings this action (a) on behalf of Plaintiff ESTATE OF CARMEN MENDEZ, in her representative capacity as successor-in-interest; and (b) on behalf of herself, in her individual capacity.

7.     Plaintiff STEPHANIE BEIDLEMAN is/was the biological mother of CARMEN MENDEZ. As his mother, Plaintiff STEPHANIE BEIDLEMAN gave birth to, raised, and cared for CARMEN MENDEZ through his childhood into his teenage years prior to death. Through the years BEIDLEMAN provided for MENDEZ and shared a loving mother – son relationship with a special bond

only a mother could have. The loving family relationship shared between BEIDLEMAN and MENDEZ consisted of deep attachments, commitments, and distinctively personal aspects of their lives shared between them.

8. Defendant CITY OF CERES is a "public entity" within the definition of Cal. Gov. Code § 811.2.

9. Defendant CERES POLICE DEPARTMENT is a "public entity" within the definition of Cal. Gov. Code § 811.2.

10. Defendant ROSS BAYS is, and at all times material herein was, a law enforcement officer for Defendants CITY OF CERES and CERES POLICE DEPARTMENT, acting within the scope of that employment. Defendant ROSS BAYS is sued in his individual capacity.

11. Defendant BRENT SMITH is, and at all times material herein was, a law enforcement officer and the Chief of Police for Defendants CITY OF CERES and CERES POLICE DEPARTMENT, acting within the scope of that employment. Defendant BRENT SMITH is sued in his individual capacity.

12. Defendants DOE 1 to 50 are and/or were agents or employees of Defendants CITY OF CERES and/or CERES POLICE DEPARTMENT and acted within the scope of that agency or employment and under color of state law. The true and correct names of Defendants DOE 1 to 50 are not now known and, as a result, they are sued by their fictitious names and true and correct names will be substituted when ascertained.

## GENERAL ALLEGATIONS

13. The following allegations contained in paragraphs 14 through 22 are made on information and belief.

14. At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

15. On or about Saturday, August 18, 2018, at approximately 3:00 p.m., approximately in the vicinity of the City of Hughson, within the County of Stanislaus, 15-year-old CARMEN MENDEZ was shot and killed by Defendant ROSS BAYS, a police officer employed by Defendants CITY OF CERES and CERES POLICE DEPARTMENT.

16. CARMEN MENDEZ was a passenger inside of a vehicle pursued by law enforcement vehicles that eventually came to a stop near the intersection of Service Road and Sperry Road.

17. CARMEN MENDEZ exited the vehicle and ran on-foot towards a nearby olive orchard.

18. CARMEN MENDEZ was running away from Defendants and each of them and non-threatening as he ran.

19. CARMEN MENDEZ was approximately forty (40) yards from Defendants and each of them when he was shot, from behind, several times by Defendants ROSS BAYS and DOE 1-to 5.

20. Defendants ROSS BAYS and DOE 1 to 5 fired at CARMEN MENDEZ without prior warning, without provocation, and without any reasonable fear of risk or threat to himself or to others.

21. Defendants DOE 6 to 20 failed to intercede when Defendants ROSS BAYS and DOE 1 to 5 fired at CARMEN MENDEZ, despite having the opportunity to do so, or were meaningful participants to the shooting of CARMEN MENDEZ.

22. Defendants ROSS BAYS and DOE 1 to 5, shooting resulted in physical injury and the death of CARMEN MENDEZ.

## FIRST CLAIM

*Unreasonable Force*

*(Fourth and Fourteenth Amendment of the U.S. Constitution; 42 U.S.C. § 1983)*

23. The First Claim is asserted by Plaintiff ESTATE OF CARMEN MENDEZ against Defendants CERES POLICE DEPARTMENT, ROSS BAYS, and DOE 1 to 50.

24. Plaintiff ESTATE OF CARMEN MENDEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 22, to the extent relevant, as if fully set forth in this Claim.

25. Defendants ROSS BAYS and DOE 1 to 20, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against CARMEN MENDEZ, or failed to intercede and/or were integral participants to the use of excessive and unreasonable force against CARMEN MENDEZ, in violation of his rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Stephanie Beidleman v. City of Ceres, et al.*

26. Defendants ROSS BAYS, and DOE 1 to 20, actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to CARMEN MENDEZ's rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution, or were wantonly or oppressively done.

27. As a direct and proximate result of Defendants ROSS BAYS, and DOE 1 to 50's actions and inactions, CARMEN MENDEZ suffered injuries entitling Plaintiff ESTATE OF CARMEN MENDEZ to receive compensatory damages against Defendants CERES POLICE DEPARTMENT, ROSS BAYS, and DOE 1 to 50, and punitive damages against Defendants ROSS BAYS and DOE 1 to 50.

WHEREFORE, Plaintiff ESTATE OF CARMEN MENDEZ prays for relief as hereunder appears.

## SECOND CLAIM

### Right of Familial Association, Companionship, and Society

### (Fourteenth Amendment of the U.S. Constitution; 42 U.S.C. § 1983)

28. The Second Claim is asserted by Plaintiff STEPHANIE BEIDLEMAN against Defendants DOE 1 to 25.

29. Plaintiff STEPHANIE BEIDLEMAN realleges and incorporates the allegations of the preceding paragraphs 1 to 27, to the extent relevant, as if fully set forth in this Claim.

30. Defendants ROSS BAYS and DOE 1 to 20, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against CARMEN MENDEZ, or failed to intercede and/or were integral participants to the use of excessive and unreasonable force against CARMEN MENDEZ, in violation of his rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution, thereby depriving and interfering with Plaintiff STEPHANIE BEIDLEMAN'S constitutionally protected interest and right of familial association, companionship, love, and society with her child, in violation of her rights protected by the Fourteenth Amendment of the U.S. Constitution.

31. Defendants ROSS BAYS and DOE 1 to 20's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiff STEPHANIE BEIDLEMAN's

rights protected by the Fourteenth Amendment of the U.S. Constitution, or were wantonly or oppressively done.

32. As a direct and proximate result of Defendants ROSS BAYS and DOE 1 to 20's actions and inactions, Plaintiff STEPHANIE BEIDLEMAN suffered injuries entitling her to receive compensatory and punitive damages against Defendants ROSS BAYS, BRENT SMITH and DOE 1 to 50.

WHEREFORE, Plaintiff, STEPHANIE BEIDLEMAN prays for relief as hereunder appears.

### THIRD CLAIM

### Unreasonable Force

(Article I, § 13 of the California Constitution; Cal. Gov. Code §§ 815.2(a), 820(a))

33. The Third Claim is asserted by Plaintiff ESTATE OF CARMEN MENDEZ against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, ROSS BAYS, BRENT SMITH, and DOE 1 to 50.

34. Plaintiff ESTATE OF CARMEN MENDEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 27, to the extent relevant, as if fully set forth in this Claim.

35. Defendants ROSS BAYS and DOE 1 to 20, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive and unreasonable force against CARMEN MENDEZ, or aided and abetted the use of excessive and unreasonable force against CARMEN MENDEZ, in violation of his rights protected by art. I, § 13 of the California Constitution.

36. Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 21 to 50, acting under color of state law, knew or should have known that law enforcement officers under their command, including Defendants ROSS BAYS and DOE 1 to 20, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted, resulting in the violation of CARMEN MENDEZ's rights protected by Art. I, § 13 of the California Constitution.

37. Defendants CITY OF CERES and CERES POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants ROSS BAYS, BRENT SMITH and DOE 1 to 50.

38. Defendants ROSS BAYS, BRENT SMITH and DOE 1 to 50's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to CARMEN MENDEZ.

39. As a direct and proximate result of Defendants CITY OF CERES, CERES POLICE DEPARTMENT, ROSS BAYS, BRENT SMITH, and DOE 1 to 50's actions and inactions, CARMEN MENDEZ suffered injuries entitling Plaintiff ESTATE OF CARMEN MENDEZ to receive compensatory damages against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, ROSS BAYS, BRENT SMITH, and DOE 1 to 50, and punitive damages against Defendants ROSS BAYS, BRENT SMITH and DOE 1 to 50.

WHEREFORE, Plaintiff ESTATE OF CARMEN MENDEZ prays for relief as hereunder appears.

## FOURTH CLAIM

### Bane Act

**(Cal. Civ. Code § 52.1(b); Cal. Code Civ. Proc. §§ 377.30, 377.60; Cal. Gov. Code §§ 815.2(a), 820(a))**

Unreasonable Force

40. The Fourth Claim (for "Unreasonable Force") is asserted by Plaintiff ESTATE OF CARMEN MENDEZ against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, ROSS BAYS, BRENT SMITH, and DOE 1 to 50.

41. Plaintiff ESTATE OF CARMEN MENDEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 39, to the extent relevant, as if fully set forth in this Claim.

42. Defendants ROSS BAYS and DOE 1 to 20, acting or purporting to act in the performance of their official duties as law enforcement officers used excessive and unreasonable force against CARMEN MENDEZ, or failed to intercede in, were integral participants to, and/or aided and abetted the use of excessive and unreasonable force against CARMEN MENDEZ, with specific intent to deprive his rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the

7

U.S. Constitution and/or Art. I, § 13 of the California Constitution.

43. Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 21 to 50, acting under color of state law and as policy-making authorities, knew or should have known that law enforcement officers under their command, including Defendants ROSS BAYS and DOE 1 to 20, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy concerning the use of excessive and unreasonable force against persons contacted, resulting in the violation of CARMEN MENDEZ's rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and Art. I, § 13 of the California Constitution.

44. Defendants CITY OF CERES and CERES POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants ROSS BAYS, BRENT SMITH and DOE 1 to 50.

45. Defendants ROSS BAYS, BRENT SMITH and DOE 1 to 50's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to CARMEN MENDEZ.

46. As a direct and proximate result of Defendants CITY OF CERES, CERES POLICE DEPARTMENT, ROSS BAYS, BRENT SMITH, and DOE 1 to 50's actions and inactions, CARMEN MENDEZ suffered injuries entitling Plaintiff ESTATE OF CARMEN MENDEZ to receive compensatory damages and statutory penalties against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, ROSS BAYS, BRENT SMITH, and DOE 1 to 50, and punitive damages against Defendants ROSS BAYS, BRENT SMITH and DOE 1 to 50.

### FIFTH CLAIM

#### Assault/Battery

**(Cal. Code Civ. Proc. § 377.30; Cal. Gov. Code §§ 815.2(a), 820(a))**

47. The Fifth Claim is asserted by Plaintiff ESTATE OF CARMEN MENDEZ against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, ROSS BAYS, and DOE 1 to 25.

48.     Plaintiff ESTATE OF CARMEN MENDEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 27 and 33 to 39, to the extent relevant, as if fully set forth in this Claim.

49.     Defendants ROSS BAYS and DOE 1 to 20 intentionally touched, or aided and abetted in the intentional touching of, CARMEN MENDEZ, without consent, and that touching constituted use of excessive and unreasonable force.

50.     Defendants CITY OF CERES and CERES POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants ROSS BAYS and DOE 1 to 20.

51.     Defendants ROSS BAYS and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to CARMEN MENDEZ.

52.     As a direct and proximate result of Defendants ROSS BAYS and DOE 1 to 20's actions and inactions, CARMEN MENDEZ suffered injuries entitling Plaintiff ESTATE OF CARMEN MENDEZ to receive compensatory damages against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, ROSS BAYS and DOE 1 to 20, and punitive damages against Defendants ROSS BAYS and DOE 1 to 20.

WHEREFORE, Plaintiff ESTATE OF CARMEN MENDEZ prays for relief as hereunder appears.

### SIXTH CLAIM

### Negligence

**(Cal. Code Civ. Proc. § 377.30; Cal. Gov. Code §§ 815.2(a), 820(a))**

53.     The Sixth Claim is asserted by Plaintiff ESTATE OF CARMEN MENDEZ against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH, and DOE 1 to 50.

54.     Plaintiff ESTATE OF CARMEN MENDEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 27, to the extent relevant, as if fully set forth in this Claim.

55.     Defendants ROSS BAYS and DOE 1 to 20 owed CARMEN MENDEZ a duty of care and breached that duty by using, or aiding and abetting in the use of, excessive and unreasonable force against CARMEN MENDEZ, employing improper tactical conduct, and making improper decisions

9

preceding the use of excessive and unreasonable force.

56. Defendants BRENT SMITH and DOE 21 to 50 owed CARMEN MENDEZ a duty of care and breached that duty by hiring, retaining, and failing to adequately train and supervise Defendants ROSS BAYS and DOE 1 to 20, who were incompetent or unfit, and where Defendants BRENT SMITH and DOE 21 to 50 knew or should have known that hiring, retaining, and failing to adequately train and supervise Defendants ROSS BAYS and DOE 1 to 20 created a particular risk or hazard that caused CARMEN MENDEZ's death.

57. Defendants CITY OF CERES and CERES POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants ROSS BAYS, BRENT SMITH and DOE 1 to 50.

58. Defendants ROSS BAYS, BRENT SMITH and DOE 1 to 50's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to CARMEN MENDEZ.

59. As a direct and proximate result of Defendants ROSS BAYS, BRENT SMITH and DOE 1 to 50's actions and inactions, CARMEN MENDEZ suffered injuries entitling Plaintiff ESTATE OF CARMEN MENDEZ to receive compensatory damages against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, ROSS BAYS, BRENT SMITH, and DOE 1 to 50, and punitive damages against Defendants ROSS BAYS, BRENT SMITH and DOE 1 to 50.

WHEREFORE, Plaintiff ESTATE OF CARMEN MENDEZ prays for relief as hereunder appears.

## SEVENTH CLAIM

### Wrongful Death

(Cal. Code Civ. Proc. § 377.60; Cal. Gov. Code §§ 815.2(a), 820(a))

60. The Seventh Claim is asserted by Plaintiff STEPHANIE BEIDLEMAN against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, ROSS BAYS, BRENT SMITH, and DOE 1 to 50.

61. Plaintiff STEPHANIE BEIDLEMAN realleges and incorporates the allegations of the preceding paragraphs 1 to 27, to the extent relevant, as if fully set forth in this Claim.

62. Defendants ROSS BAYS and DOE 1 to 20 owed Plaintiff STEPHANIE BEIDLEMAN a duty of care and breached that duty by using, or aiding and abetting in the use of, excessive and unreasonable force against CARMEN MENDEZ, employing improper tactical conduct, and making improper decisions preceding the use of excessive and unreasonable force.

63. Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH and DOE 21 to 50 owed Plaintiff STEPHANIE BEIDLEMAN a duty of care and breached that duty by hiring, retaining, and failing to adequately train and supervise Defendants ROSS BAYS and DOE 1 to 20, who were incompetent or unfit, and where Defendants CITY OF CERES, CERES POLICE DEPARTMENT, BRENT SMITH and DOE 21 to 50 knew or should have known that hiring, retaining, and failing to adequately train and supervise Defendants ROSS BAYS and DOE 1 to 20 created a particular risk or hazard that caused CARMEN MENDEZ's death.

64. Defendants CITY OF CERES and CERES POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants ROSS BAYS, BRENT SMITH and DOE 1 to 50.

65. Defendants ROS BAYS, BRENT SMITH and DOE 1 to 50's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff STEPHANIE BEIDLEMAN.

66. As a direct and proximate result of Defendants ROSS BAYS, BRENT SMITH and DOE 1 to 50's actions and inactions, Plaintiff STEPHANIE BEIDLEMAN suffered injuries entitling her to receive compensatory damages against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, ROSS BAYS, BRENT SMITH, and DOE 1 to 50, and punitive damages against Defendants ROSS BAYS, BRENT SMITH and DOE 1 to 50.

WHEREFORE, Plaintiff STEPHANIE BEIDLEMAN prays for relief as hereunder appears.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ESTATE OF CARMEN MENDEZ and STEPHANIE BEIDLEMAN seek Judgment as follows:

1. For an award of compensatory, general, and special damages against Defendants CITY OF CERES, CERES POLICE DEPARTMENT, ROSS BAYS, BRENT SMITH, and DOE 1 to 50, according to proof at trial;

2. For an award of exemplary/punitive damages against Defendants ROSS BAYS, BRENT SMITH and DOE 1 to 50, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally-protected rights, or were wantonly or oppressively done, and/or constituted oppression and/or malice resulting in great harm;

3. For an award of statutory penalties, pursuant to Cal. Civ. Code § 52.1 and any other statute as may be applicable;

4. For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, Cal. Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other statute as may be applicable; and

5. For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: July 9, 2019

Respectfully Submitted

By: *Lawrence T. Niermeyer*
LAWRENCE T. NIERMEYER
MOORAD, CLARK & STEWART
1420 F Street, second Floor
Modesto, Ca 95354
Telephone: (209) 526-0522
Facsimile: (209) 526-4703

Attorneys for Plaintiffs:
ESTATE OF CARMEN MENDEZ and
STEPHANIE BEIDLEMAN

## DEMAND FOR JURY TRIAL

A JURY TRIAL IS DEMANDED on behalf of Plaintiffs ESTATE OF CARMEN MENDEZ and STEPHANIE BEIDLEMAN.

Dated: July 9, 2019                                     Respectfully Submitted

By: *Lawrence T. Niermeyer*
LAWRENCE T. NIERMEYER
MOORAD, CLARK & STEWART
1420 F Street, second Floor
Modesto, Ca 95354
Telephone: (209) 526-0522
Facsimile: (209) 526-4703

Attorneys for Plaintiffs:
ESTATE OF CARMEN MENDEZ and
STEPHANIE BEIDLEMAN